**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20863

B-F INVESTMENTS, Etc., ET AL,

Plaintiffs,

B-F INVESTMENTS, A TEXAS JOINT VENTURE,

Plaintiff-Appellant,

VERSUS

FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL,

Defendants,

FEDERAL DEPOSIT INSURANCE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-95-4500)

March 13, 2001

Before POLITZ, SMITH, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:[*]

Plaintiff-Appellant  B-F  Investments  appeals  the  district

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

court's order granting the Federal Deposit Insurance Corporation's motion for relief from the court's final judgment under Rule 60(b). Appellant claims that the district court abused its discretion by granting affirmative relief beyond the scope of the pleadings and its final judgment.

## I.

In 1991, B-F Investments filed suit in state court against Sunbelt Savings seeking specific performance of the parties' real estate sales contract and consequential damages. In August of 1995, B-F Investments joined the FDIC and the Resolution Trust Corporation as defendants in their corporate capacities. The case was removed to federal court following Sunbelt Savings' closure and subsequent takeover by the FDIC.

The real estate sales contract required B-F Investments to place "at-risk" and "not-at-risk" earnest money into an escrow account maintained by Stewart Title Company. Under the exclusive remedies of the contract, the buyer, B-F Investments, could seek specific performance of the contract, and the seller, the FDIC, could collect the "at-risk" earnest money. In its amended answer, the FDIC presented affirmative defenses to B-F Investments' claims, but failed to assert its own remedies under the contract. On May 10, 1996, the district court granted the FDIC summary judgment and dismissed the FDIC Corporate defendants.

In its opinion, the district court held that enforcement of the specific performance remedy under the contract was barred by 12

U.S.C. § 1821(j). The court also concluded that its inability to grant B-F Investments' remedy under the contract did not repudiate the remaining contract terms. As to B-F Investments' claim of conversion, the district court held that the FDIC was not liable because B-F Investments breached the contract. The district court's opinion did not address any remedies available to the FDIC, and the court's final judgment did not award the FDIC the "at-risk" earnest money. The district court's judgment was affirmed by this Court on August 19, 1997. *See B-F Investments v. Federal Deposit Ins. Corp.*, No. 96-20576 (5th Cir. Aug. 19, 1997).

Over a year after the district court entered its final judgment, the FDIC filed a Rule 60(b)(6) motion to order Stewart Title Company to release the funds in the earnest money account, or, in the alternative, to permit Stewart Title Company to interplead the earnest money. The district court granted the motion and awarded the "at-risk" earnest money to the FDIC. B-F Investments timely appealed the district court's final order.

## II.

"The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Rule 60(b) allows a district court to relieve a party from a final judgment for "any . . . reason justifying relief from the judgment." *See*

3

FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, (1988); *Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Klapprott v. United States*, 335 U.S. 601, 613 (1949).

The district court concluded that the FDIC did not repudiate the terms of the agreement and that B-F Investments breached the contract. The FDIC argues that, because liability has already been established, any further litigation concerning application of the seller's remedies is unnecessary. According to the FDIC, the fact that this contract dispute has taken close to a decade to resolve is an extraordinary circumstance warranting Rule 60(b)(6) relief.

These circumstances are not so extraordinary as to permit the district court to vacate its judgment and grant affirmative relief to the FDIC. The FDIC did not claim in its amended answer that it was entitled to contract remedies, and the district court's judgment did not grant the FDIC any affirmative relief. Allowing the district court to award the FDIC the "at-risk" earnest money precluded B-F Investments from raising an available defense under Texas law. Saving the district court further time to adjudicate the remaining issues arising from this dispute does not present an extraordinary circumstance under Rule 60(b)(6).[1]

---

[1] The FDIC's only conceivable claim under Rule 60(b) was that the district court's failure to address the seller's remedies under the contract was a mistake. Rule 60(b)(1) allows a party to file a

4

Because the court did not address the seller's remedies under the contract, the FDIC must file a separate action to assert its remedies, to which B-F Investments may respond with any available defense. The district court's order granting the FDIC's Rule 60(b)(6) motion is therefore reversed.

REVERSED AND REMANDED.

---

motion for relief from a final judgment for inadvertence or mistake no more than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) may not be used to circumvent the one-year limitations period that applies to (b)(1). *See Liljeberg*, 486 U.S. at 863 n.1.